IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Elijah John Buchanan,<br>Defendant. | ) | CR 12-1870-TUC-CKJ (DTF)<br>**SCHEDULING ORDER**<br>**AND**<br>**ORDER CONTINUING TRIAL DATE AND PLEA DEADLINE** |

This case is presently set for trial on January 8, 2013. The Defendant filed a motion to continue and, for the reasons set forth therein, additional time is required to adequately prepare for trial. The Government has no objection to a continuance.

The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial because, for the reasons set forth in the motion, failure to grant the continuance is likely to result in a miscarriage of justice if the Defendant is required to go to trial on the present trial date.

This is the third motion to continue trial filed in this case; accordingly, the Court issues this scheduling order to ensure the prompt disposition of this matter. Fed.R.Crim.P. 12(c) and 50. Any further request for a continuance of the trial date shall result in a pretrial status hearing being held by the magistrate judge.

**IT IS ORDERED** that the following deadlines shall govern this action:

1. **The plea deadline is January 25, 2013 by 3:00 p.m.** The Court has the discretion to reject any plea entered into post-deadline, except a plea to the indictment.

2. **The trial date is February 12, 2013 at 9:30 a.m.**

3. Should the Defendant elect to proceed to trial:

(a) All pretrial motions, except motions *in limine*,[1] are referred to the magistrate judge, pursuant to 28 U.S.C. §636(a) and (b), and shall be heard by the magistrate judge with a Report and Recommendation (R&R) to be provided to the district judge. Objections to the R&R, if any, and responses to any objections, are governed by Fed.R.Civ.P. 72(b)(2), LRCiv. 7.2(e)(3).[2]

(b) Deadlines for filing proposed voir dire, jury instructions, list of witnesses, list of exhibits, and motions *in limine* will be set by future order of this Court.

4. **The discovery/disclosure/notice/request deadline is 14 days from the filing date of this Order for the following:**[3]

(a) All disclosures within the possession, custody, and control of a party required to be produced pre-trial pursuant to Fed.R.Crim.P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the Jencks Act, 18 U.S.C. §3500, and their progeny. The imposition of this deadline does not supercede any requirement that certain disclosure need not be made until trial. *See e.g.* 18 U.S.C. §3500(a); Fed.R.Crim.P. 16(a)(2).

(b) All requests for disclosures required by Fed.R.Crim.P. 16. *See e.g.* Fed.R.Crim.P. 16(a)(1)(A); Fed.R.Crim.P. 16(b)(1)(C). Disclosure pursuant to such a

---

[1]Motions *in limine* should be aimed at prejudicial or irrelevant evidence or references, *United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985), which includes a challenge by the government to the sufficiency of an affirmative defense, *United States v. Ross*, 206 F.3d 896, 898 (9th Cir. 2000).

[2]*See* LRCrim. 12.1 making LRCiv. 7.1, 7.2, 7.2(e)(3), and 7.3 applicable to criminal motions, memoranda and objections.

[3]The disclosure deadline does not obviate the parties' continuing duty to disclose. *See* Fed.R.Crim.P. 16(c) ("A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the Court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the Court ordered, its production."); *see also* Fed.R.Crim.P. 12.1(c).

request shall be made within seven (7) days of the request.

(c) The filing by the government of a notice of its intent to use specified evidence at trial (e.g., Notice of Intent to Use Fed.R.Evid. 404(b) Evidence, Notice of Intent to Use Statement). Fed.R.Crim.P. 12(b)(4); LRCrim. 16.1.

(d) The filing of any required notices of defenses. *See e.g.* Fed.R.Crim.P. 12.1 (alibi). If such a notice is filed, the government shall provide the responsive disclosure within fourteen (14) days of the filing of the notice. *See e.g.* Fed.R.Crim.P. 12.1(b)(2).

(e) A request pursuant to Fed.R.Crim.P. 16(a)(1)(G) or 16(b)(1)(C) for a written summary of any expert testimony the government or the Defendant intends to use at trial. The written summary of any expert testimony, which "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[,]" Fed.R.Crim.P. 16(a)(1)(G), shall be produced within seven (7) days of the request.

5. **The pretrial motions deadline is 28 days from the filing date of this Order. Pretrial motions filed, thereafter, without leave of the Court upon a showing of good cause, shall be subject to being stricken and precluded, LRCiv. 7.2(a)**. All pretrial motions shall be filed in compliance with LRCiv. 7.2(a) and (b).

(a) Responses to any motion shall be filed pursuant to LRCiv. 7.2(c). A failure to respond or a late response may be subject to LRCiv. 7.2(i).

(b) A reply to a response may be filed, unless otherwise ordered by the magistrate judge, but there shall be no supplements to a motion or response nor any sur-reply. LRCiv. 7.2(d). Any supplements to a motion or response, or any sur-reply, filed without leave of the Court shall be stricken.

6. Pretrial motions will be heard by the magistrate judge. At the motion hearing, the parties, with the assistance of the magistrate judge, shall discuss whether or not a continuance of the trial date should be sought by the parties to accommodate the pending motion. *See* LRCiv. 7.2; Fed.R.Civ.P. 72(b)(2); Fed.R.Crim.P. 50.

7. **Failure to comply with these directives may be cause for sanctions.** *See e.g.*

Fed.R.Crim.P. 12(e); Fed.R.Crim.P. 16(d); LRCiv. 83.1(f); LRCrim. 57.12.

8. **Any motion to continue the trial date and/or plea deadline that is granted by the Court DOES NOT EXTEND the deadline set herein for filing pretrial motions**.

9. **Any motion or stipulation to continue the scheduled trial date and change of plea deadline shall be filed with the Clerk of the Court no later than 5:00 p.m. on Monday, January 28, 2013. Alternatively, by that same deadline, if after consultation between government and defense counsel it is determined that a motion to continue the scheduled trial date and change of plea deadline will not be filed, government counsel shall notify the Court by an email to the chambers email address that the case and counsel are ready to proceed to trial on the scheduled trial date. The notification shall also include the estimated number of trial days needed to complete the trial.**

10. Excludable delay under 18 U.S.C. §3161(h)(7) is found to commence on January 9, 2013 and end on February 12, 2013. Such time shall be in addition to other excludable time under the Speedy Trial Act and shall commence as of the day following the day that would otherwise be the last day for commencement of trial.

11. Any and all subpoenas previously issued shall remain in full force and effect through the new trial date.

DATED this 21st day of December, 2012.

Cindy K. Jorgenson
United States District Judge