**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. CR 12-1870-TUC-CKJ (DTF) |
| vs. ) | |
| ) | **ORDER** |
| ELIJAH JOHN BUCHANAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On March 8, 2013, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (Doc. 32) in which he recommended that the Motion to Suppress (Doc. 20) filed by Elijah John Buchanan ("Buchanan") be denied. The Report and Recommendation notified the parties that they had fourteen days from the date of being served with the copy of the Report and Recommendation to serve and file any objections. Buchanan has filed an objection (Doc. 36) and the government has filed a response (Doc. 41).

The Court has reviewed the Motion to Suppress (Doc. 20), the response (Doc. 26), the Report and Recommendation (Doc. 32), the exhibits, the transcript of the hearing held before the magistrate judge, the objections (Doc. 36), and the response (Doc. 41).  The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or

1  modify the recommended disposition; receive further evidence; or return the matter to the
2  magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 288 U.S.C. § 636(b)(1)
3  ("A judge of the court shall make a de novo determination of those portions of the report or
4  specified proposed findings or recommendations to which objection is made.").

*Objections to the Report and Recommendation*

Buchanan's Objection states that he "objects to the findings and conclusions contained in the Magistrate' Report & Recommendation[.]" Objections, Doc. 36, p. 1. To any extent Buchanan is making a general objection to the Report and Recommendation, the Court finds a full *de novo* review is not appropriate. *See e.g. Austin v. Redford Tp. Police Dept.*, 859 F. Supp. 2d 883 (E.D. Mich. 2011), *aff'd*, 690 F.3d 490 (6th Cir. 2012) (objections to an R & R must be clear enough to enable the district court to discern those issues that are dispositive and contentious; objections cannot simply dispute the correctness of the magistrate judge's recommendation but fail to specify the findings believed to be in error).

Buchanan subsequently states that his memorandum will "focus on whether the border patrol agents had sufficient probable cause – at the time of the arrest – to make this arrest." *Id.* at 2. The Court finds Buchanan has specifically objected to this portion of the Report and Recommendation.

*Report and Recommendation – Factual Background*

No specific objection having been made to the findings of fact by the magistrate judge, the Court adopts the findings of fact.

*Standing*

The magistrate judge pointed out that the government had not presented any evidence to support its assertions that Buchanan did not have any "expectation of privacy in the area in which the marijuana was found or in the vehicle." Report and Recommendation, Doc. 32, p. 5 n. 2. However, because Buchanan has the burden of establishing a legitimate

- 2 -

expectation of privacy, *United States v. Zermeno*, 66 F.3d 1058, 1061 (9th Cir. 1995), the Court will address whether Buchanan has standing to challenge the search and seizures of any evidence seized in this case.

"A defendant has standing to challenge the legality of a search on Fourth Amendment grounds only if he has a 'legitimate expectation of privacy' in the place searched." *Zermeno*, 66 F.3d at 1061, *citations omitted*; *see also United States v. Parks*, 285 F.3d 1133 (9th Cir. 2002). "The defendant bears the burden of establishing his legitimate expectation of privacy." *Zermeno*, 66 F.3d at 1061. "To demonstrate this, [a defendant] must manifest a subjective expectation of privacy in the area searched, and their expectation must be one that society would recognize as objectively reasonable." *United States v. Sarkisian*, 197 F.3d 966, 986 (9th Cir. 1999).

Evidence was not offered during the evidentiary hearing before the magistrate judge as to any items that may have been seized during the incident at issue. Although the Court does not consider government allegations in a pleading to be evidence, to place this discussion in context, the Court recognizes the government's allegations:

> The agents then observed the rear seat of the defendant's truck was missing, the interior smelled of marijuana and burlap fibers and grass were visible in the area where the rear seat should have been. Agents also noticed damage to the front bumper as well as dents and fresh scratches on the exterior of the truck. Agent Brown(2) retrieved his K9 to detect fo (sic) the presence of narcotics in the truck. His K9 alerted to the backseat area inside the cab of the truck.
>
> Given the defendant had no identification on him or in the truck, the agents asked the defendant his name while he was handcuffed in the back of their vehicle. He refused to give his name. Fearing for their own safety, the agents asked the defendant the whereabouts of his passenger. The defendant indicated there never was a passenger.
>
> Agents believed the defendant likely unloaded his passenger and narcotics after spotting Agent Ellis. Once additional agents arrived on scene, Agent Brown(2) used his K9 to track back towards where he first spotted the truck. The K9 located several bundles of marijuana in the open desert just over 100 yards from where the defendant's truck was stopped. A Pima County Sheriff's Deputy would later arrive to seize the truck because it was reported stolen.

Response, Doc. 26, p. 5.

Buchanan did not present any evidence to support any claim that he had any expectation of privacy in any property seized. For example, no evidence was presented that

1 Buchahan owned the vehicle he was driving or that he was authorized to drive the vehicle 2 and exercise control over its contents. Further, Buchanan has not presented any evidence that 3 he had an expectation of privacy in any marijuana bundles found in the desert. *See generally* 4 *United States v. Stephens*, 206 F.3d 914, 917 (9th Cir. 2000) ("A defendant who voluntarily 5 abandons property has no standing to contest its search and seizure.").

6 The Court finds Buchanan has not established he has standing to contest the search 7 or seizure of the truck he was stopped in on August 12, 2013, or the seizure of marijuana 8 bales found approximately 100 yards from where the truck was stopped.

10 *Report and Recommendation – Finding of Reasonable Suspicion*

11 In his Motion to Suppress, Buchanan requests the Court suppress all evidence 12 obtained as a result of the unconstitutional search and seizure. The magistrate judge found 13 the agents' collective knowledge supported a finding that the agents had reasonable suspicion 14 to stop Buchanan. No specific objection having been made to this conclusion of the 15 magistrate judge, the Court adopts this conclusion.[1] Furthermore, the agents having made 16 a lawful stop supported by reasonable suspicion, evidence that could be viewed from a 17 vantage point where an agent had a lawful right to be is admissible at trial.

19 *Report and Recommendation – Probable Cause*

20 The magistrate judge also found that the agents had valid safety concerns and took 21 reasonable measures to ensure their safety by removing Buchanan from his vehicle and 22 handcuffing him. In doing so, the magistrate judge found, the agents did not exceed the 23 scope of an investigatory stop. The magistrate judge also found that, even if it were 24 concluded that Buchanan was arrested when the agents removed him from the vehicle and 25 handcuffed him, the agents had sufficient probable cause to make the warrantless arrest.

---

[1] Indeed, during argument before the magistrate judge, defense counsel stated that, in his view, "they had a right to stop this, but they used too much force to make this stop under the circumstances." Reporter's Transcript, 2/13/13, Doc. 31, pp. 101-02.

- 4 -

Buchanan has specifically objected to these conclusions. Although the Court has determined that (1) Buchanan does not have standing to contest the search or seizure of the truck he was stopped in on August 12, 2013, or the seizure of marijuana bales found approximately 100 from where the truck was stopped and (2) because agents had reasonable suspicion to stop the truck, evidence viewed from a lawful vantage point is admissible, the Court will briefly discuss Buchanan's objection as to whether the agents' action constituted an arrest of Buchanan.

*Stop of Buchanan – Safety Concerns*

Buchanan asserts the agents did not have probable cause to arrest him when Buchanan was physically removed from the truck. However, this Court agrees with the magistrate judge that, at the time Buchanan was removed from truck, he was not under arrest. As stated by the magistrate judge:

> Removing Defendant from the vehicle and handcuffing him did not elevate the stop to an arrest. The agents had valid concerns for officer safety because Defendant was noncompliant, inched his truck towards Agent Brown, and fidgeted with his hands in his lap out of their sight, and the passenger of the vehicle was missing. Therefore, drawing their weapons was not an unreasonable action, especially because they did not know if Defendant was armed. The agents took reasonable measures to ensure their safety by removing Defendant from his vehicle and handcuffing him. The agents did not exceed the scope of an investigatory stop.

Report and Recommendation, p. 8. Indeed, the Ninth Circuit has recognized:

> [B]ecause "[t]he purpose of a Terry stop is to allow the officer to pursue his investigation without fear of violence," *United States v. Taylor*, 716 F.2d 701, 708(9th Cir.1983) (internal quotation marks and citation omitted), "we allow intrusive and aggressive police conduct without deeming it an arrest . . . when it is a reasonable response to legitimate safety concerns on the part of the investigating officers." [*United States v. Miles*, 247 F.3d 1009, 1012 (9th Cir. 2001) (quoting *Washington v. Lambert*, 98 F.3d 1181, 1186 (9th Cir.1996)); *see also Alexander v. County of Los Angeles*, 64 F.3d 1315, 1320 (9th Cir.1995) ("It is well settled that when an officer reasonably believes force is necessary to protect his own safety or the safety of the public, measures used to restrain individuals, such as stopping them at gunpoint and handcuffing them, are reasonable" in the course of a Terry stop). As a result, officers with a particularized basis to believe that a situation may pose safety risks may handcuff or point a gun at an individual without converting an investigative detention into an arrest. *See Miles*, 247 F.3d at 1013; *Alexander*, 64 F.3d at 1320 (holding that officers could order individuals from car at gunpoint and handcuff them in the course of a Terry stop).

*United States v. Guzman-Padilla*, 573 F3d 865, 884 (9th Cir. 2009).

Here, the agents' observations were grounded in objectively identifiable facts, and the totality of the circumstances made clear that the agents had reasonable suspicion to stop Buchanan. Indeed, as argued by the government,

> It would be a strange outcome if the defendant's own physical resistance to a lawful investigatory stop could be grounds for requiring the agents to make the increased showing of probable cause. Such a rule would only serve to encourage defendant's to be combative during every investigatory stop. In light of the defendant's conduct at the outset of the investigatory stop the agents took reasonable actions when they drew their weapons, removed the defendant from the truck, and handcuffed him so they could safely conduct their investigation.

Response, Doc. 41, p. 10. In this case, Buchanan was traveling in an area frequented by drug traffickers, Buchanan was driving at a high speed on unimproved roads, neither Buchanan nor his passenger acknowledged Agent Wilcox when he waved to them, and Buchanan fled from the agent's presence.[2] Moreover, Agent Ellis made eye contact with the passenger of the vehicle and attempted to follow them, Buchanan drove in what Agent Ellis described as an unsafe manner in what was an apparent effort to evade the agents. Additionally, the agents' reasonable suspicion was bolstered by the disappearance of the passenger in the vehicle, despite it being an area that the sudden absence of a passenger cannot be plausibly explained.

Buchanan's apparent flight from the presence of law enforcement agents, Buchanan's inching his truck closer to the agent's vehicle, the passenger's unknown whereabouts, Buchanan's noncompliance with Agent Brown's orders (e.g., put truck in park, failure to show hands) posed a potential threat to officer safety. Agents did not know where the passenger was and the agents could not be sure Buchanan was not holding a weapon. Removing Buchanan from the vehicle, drawing their weapons, and handcuffing Buchanan were not unreasonable actions in light of officer safety and did not elevate the stop to an

---

[2] Although Buchanan makes a distinction between fleeing from the presence of law enforcement and fleeing from a law enforcement officer attempting to make a stop, an "unprovoked flight upon noticing the police[,]" *Illinois v. Wardlaw*, 528 U.S. 119, 124 (2000), may be a pertinent factor in determining reasonable suspicion.

- 6 -

arrest. The agents had a particularized basis to believe that the situation could pose safety risks such that the investigative detention was not converted into an arrest.

*Conclusion*

Buchanan has not established that he had an expectation of privacy to contest the search or seizure of the truck he was stopped in on August 12, 2012, or the seizure of marijuana bales found approximately 100 from where the truck was stopped. Even if Buchanan had standing to contest the search and seizure, the agents had reasonable suspicion to stop the truck and the agents acted reasonably in effecting the stop in light of safety concerns. The agents having lawfully stopped the truck, any evidence seen from a lawful vantage point is admissible.

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 32) is ADOPTED IN PART as discussed herein.
2. The Motion to Suppress (Doc. 20) is DENIED.

DATED this 15th day of May, 2013.

_____
Cindy K. Jorgenson
United States District Judge